IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EUGENIA L. MULLER, | |
| Plaintiff, | Case No. 1:17-cv-00614 |
| -v- | Hon. |
| LEIKIN, INGBER & WINTERS, P.C. | |
| | Jury Trial Demanded |
| Defendant. | |

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff Eugenia L. Muller (hereafter "Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by Defendant Leikin, Ingber & Winters P.C.. (hereafter "Defendant"). Plaintiff alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Michigan Regulation of Collection Practices Act 445.251 *et seq.* ("MRCPA").

## II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2), as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and Defendant transacts and conducts business in this district.

## III. PARTIES

4. Plaintiff is a natural person residing in Kalamazoo County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA and the MRCPA.

1

5. Defendant is a Michigan Professional Corporation. The registered agent for Defendant is Paul Ingber with registered office Address located at 3000 Town Center, Ste. 2390, Southfield MI 48075.

6. Defendant uses interstate commerce and the mail in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA.

8. Defendant is a "Regulated Person" as that term is defined and used in the MRCPA.

## IV. STATEMENT OF FACTS

9. Plaintiff incurred a debt for medical services with Southwestern Michigan Emergency Services, P.C. (hereafter "SMES") for medical treatment on or about 4/10/2014, any resulting obligation was incurred for personal, family, and household purposes and is a "debt" as the term is defined and used in the FDCPA and MRCPA.

10. SMES claims that Plaintiff has failed to pay her debts and that her account is delinquent.

11. Plaintiff disputes the amount of the alleged debt.

12. Plaintiff refuses to pay the alleged debt.

13. Plaintiff did not sign a contract with SMES.

14. Plaintiff had no agreement with SMES to pay interest on the alleged debt.

15. SMES did not demand payment from Plaintiff on 4/10/2014.

16. SMES did not demand payment from Plaintiff for several months.

17. When SMES did demand payment from Plaintiff, there was no interest charged on the account.

18. At some point SMES placed Plaintiff's account with Defendant for collection.

19. On April 5, 2017, Defendant filed a civil lawsuit against Plaintiff on behalf of SMES in the 8th District Court for the County of Kalamazoo, Case No. 17-03503-GC. This

case remains pending. A copy of the summons and complaint is attached as Exhibit A.

20. The lawsuit sought to collect a total of $1,013.82 from Plaintiff. This was broken down as being $882.00 in principal, and $131.82 in interest.

21. Defendant alleged that SMES was entitled to "common law interest at the statutory rate of five (5%) percent per annum" (Ex. A, ¶ 3).

22. There is no "common law interest" in the State of Michigan which entitled Defendant to request $131.82 from Plaintiff.

23. Presumably Defendant relies upon MCL 438.31 to justify charging interest. However, this statute does not allow anyone to charge interest, it merely states legal interest rates.

24. The interest charged in this matter is calculated from 4/10/14 to the date of the filing of the complaint.

25. It is well established law in the State of Michigan that in the absence of a contractual provision, interest can only be awarded as an element of damages from the date that payment was due and was not made. *See* Oakwood Hospital v. Tobin, 6 Mich.App. 566 (1967), Amluxen v. Stephenson, 340 Mich. 273 (1954).

26. Even if Defendant were allowed to charge interest, it would only be from the date that payment was due, and not from 4/10/2014.

27. Even if Defendant were allowed to charge interest, because Defendant improperly began charging interest from the date of service, and not the date that payment was due, it resulted in an incorrect amount of interest being charged to Plaintiff.

28. Pursuant to Michigan Law, interest can be included as an element of damages in order to achieve full compensation to the party owed money. *See* Banish v. City of Hamtramck, 9 Mich. App. 381 (1968).

29. SMES never requested interest from Plaintiff, impliedly stating that payment of the principal amount would achieve full compensation.

30. SMES did not ask Defendant to collect interest on the debt.

31. Defendant decided to add interest charges of its own volition.

32. Defendant's choice to add interest charges to Plaintiff's account was not a clerical error.

33. Defendant's choice to add interest charges to Plaintiff's account was not a mistake.

34. Defendant's corporate policy and procedures are structured to charge individuals an amount greater than what is actually owed for its financial benefit.

35. Defendant has other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court six (6) times in the last three and a half (3.5) years. (Attached as Exhibit B).

36. Defendant has had 30 reviews of their services placed on Google, of which 29 are negative. Many of the reviews allege that Defendant collected or attempted to collect more than was legally owed to them. (Attached as Exhibit C).

37. Defendant's actions were knowing and willful.

38. Defendant violated the FDCPA with respect to Plaintiff.

39. Defendant violated the MRCPA with respect to Plaintiff.

### Count I – 15 U.S.C. §1692e(2) -- Unlawful Collection of Interest

40. Plaintiff adopts by reference paragraphs 1-39 above as if fully set forth herein.

41. Plaintiff did not agree to pay interest, and there is no contract between Plaintiff and SMES which allows them to charge interest.

42. Even if SMES were allowed interest, Defendant has improperly charged it from the date of service and not the date it was due.

43. Defendant's assertion that Plaintiff owed interest was a false representation made in connection with the collection of a debt.

44. The addition of interest by the Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff and a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2). *See* Kojetin v. CU Recovery , Inc. , 212 F.3d 1318 (8th Cir 2000).

4

### Count 2 -- MCL 445.252(e) – Unlawful Collection of Interest

45. Plaintiff adopts by reference paragraphs 1-44 above as if fully set forth herein.

46. Plaintiff did not agree to pay interest, and there is no contract between Plaintiff and SMES which allows them to charge interest.

47. Defendant's assertion that Plaintiff owed interest was an inaccurate, misleading, untrue, and/or deceptive statement or claim in a communication to collect a debt in violation of MCL 445.252(e).

### V. TRIAL BY JURY

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

### IV. CLAIMS FOR RELIEF

49. Defendant has violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692e by using false or misleading representations in an attempt to collect a debt.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

c) Statutory damages pursuant to 15 U.S.C. §1692i;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

e) Such further relief as the court deems just and equitable.

### Count II -- Michigan Regulation of Collection Practices Act

50. Defendant has violated the MRCPA. Defendants violations of the MRCPA include, but are not limited to, the following:

    a. Defendant violated MCL 445.252(e) by making inaccurate, untrue, false or misleading statements in a communication for collection of a debt.

**Wherefore**, Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to MCL 445.257(2);

b) Treble the actual damages pursuant to MCL 445.257(2);

c) Statutory damages pursuant to MCL 445.257(2);

d) Reasonable attorney's fees and court costs pursuant to MCL 445.257(2); and

e) Equitable relief pursuant to MCL 445.257(2).

| Dated: 7/10/2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|

6